IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-858-DRH |
| ) | |
| ROD R. BLAGOJEVICH, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff, a prisoner at the Pontiac Correctional Center (PCC), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks immediate release from confinement and damages for allegedly wrongful imprisonment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT.**

Briefly, Plaintiff alleges that the prosecuting attorney and judge who presided over his criminal case were corrupt and that his conviction was unlawfully obtained in an effort to silence Plaintiff and his attempts to expose this corruption. It appears that Plaintiff is serving a 60 year sentence. Plaintiff further claims that the sole named defendant in this action - Governor Rod Blagojevich - knows about this corruption, but fails to take any action to stop or correct it. Plaintiff seeks his immediate release from confinement and money damages for "wrongful imprisonment."

**DISPOSITION.**

Plaintiff's claim for immediate release from confinement should be dismissed. Habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). The Court declines to treat the instant action as a petition for habeas relief for two reasons. First, exhaustion of available state remedies is required before a habeas petitioner make seek relief in federal court. *See* 28 U.S.C. § 2254(a)(b)(1)(A). There is no indication that Plaintiff has exhausted his available state remedies before filing this action. Second, Plaintiff is currently confined at PCC which is located in Livingston County, Illinois. Livingston County is situated in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). Additionally, Plaintiff's conviction arose in

Coles County, Illinois. Coles County is also situated in the federal judicial district for the Central District of Illinois. *Id.* Consequently, this Court is not the proper venue for a habeas action attacking the legality of Plaintiff's confinement. *See* 28 U.S.C. § 2241(d).

Plaintiff's claim for monetary damages should also be dismissed as frivolous. There are several grounds on which dismissal could be based. The most salient, though, is that a monetary judgment in Plaintiff's favor would necessarily call into the validity of his conviction. The Supreme Court of the United States, however, has held that in order to recover damages for an allegedly unlawful conviction or imprisonment, the conviction or sentence must be first reversed on appeal, expunged by executive order, or otherwise called into question in an appropriate proceeding. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Because Plaintiff's conviction has not been overturned in a prior proceeding, his claim for damages must be dismissed.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated this 13th day May, 2008.

/s/      DavidRHerndon
Chief Judge
United States District Court